J. A18016/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

ANN L. MARTIN AND JAMES L. MARTIN :    IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
           v.           :
:
ADRIENNE L. BAILEY, DONALD A.    :
BAILEY, SHERI D. COOVER,        :
LAW OFFICES OF DONALD A. BAILEY,  :
AND ESTATE OF LEAH L. PLACENIK  :      No. 2049 MDA 2015
:
APPEAL OF:  JAMES L. MARTIN     :


Appeal from the Order Entered November 2, 2015,
in the Court of Common Pleas of Dauphin County
Civil Division at No. 2010-CV-04624-CV


BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED OCTOBER 13, 2016**

Ann L. Martin and James L. Martin appeal[1] from the order entered

November 2, 2015, dismissing their complaint with prejudice.  We affirm.

The trial court has summarized the history of this matter as follows:

> This action was commenced by the filing of a Complaint on April 19, 2010.  The case sounded in legal malpractice and alleged that Defendants Donald Bailey and Sheri Coover were negligent in their representation of Plaintiffs arising out of a lawsuit against The Honorable Samuel Kline and court reporter Lisa Merkel for allegedly tampering with a transcript in the Orphan's Court case of

---

* Former Justice specially assigned to the Superior Court.

[1] James L. Martin filed a notice of appeal on November 24, 2015. (Docket #73.)  On December 2, 2015, Ann L. Martin joined the appeal. (Docket #74.)

***In Re: Estate of Josephine A. Martin*** (1997-588). Each of the Defendants filed Preliminary Objections to Plaintiffs' Complaint on or about May 19, 2010, alleging, among other things, that Plaintiff[s'] action was barred by the applicable statute of limitations. Plaintiffs filed Preliminary Objections to each of Defendants' Preliminary Objections on July 13, 2010, asserting that Defendants improperly raised the statute of limitations in their Preliminary Objections instead of in a New Matter.[Footnote 1]

> [Footnote 1] None of the parties have ever filed a Certificate of Readiness certifying that Plaintiffs' Preliminary Objections to Defendants' Preliminary Objections or Defendants' individual Preliminary Objections to Plaintiffs' Complaint were ready to be decided by the Court, so these Preliminary Objections remain outstanding. As a result, none of the Defendants has filed an Answer to Plaintiffs' Complaint, and the pleadings are not yet closed.

On September 17, 2012, as a result of two years of inactivity on the docket, this Court entered a purge Order requiring the filing of a statement of intention to proceed or the case would be dismissed. Plaintiffs filed a Statement of Intention to Proceed on October 26, 2012 and thereafter filed a joint status report on November 15, 2012. On December 19, 2012, counsel for Plaintiffs, Derek W. Cummings, sought leave to withdraw. A hearing was held on February 21, 2013, after which this Court entered an Order on April 19, 2013, permitting Attorney Cummings to withdraw as counsel for Plaintiffs. This Order also provided that Plaintiffs shall retain new counsel within thirty days of the date of the Order, and Attorney Cummings shall provide the Certificates of Merit sought by opposing counsel upon request.

On May 21, 2013, James L. Martin entered his appearance ***pro se***. That entry of appearance was

the last activity on the docket until May 29, 2015, at which time this Court entered another purge Order, requiring Plaintiffs to file a Statement of Intention to Proceed. Plaintiff James Martin filed his Statement of Intention to Proceed on July 21, 2015, and Plaintiff Ann Martin filed her Statement on July 24, 2015. Defendants Donald A. Bailey and Adrienne L. Bailey filed a Status Report on August 18, 2015, and Plaintiffs and Defendant Coover filed a Joint Status Report on August 20, 2015[.]

In response to the status reports, and in accordance with the bench orders issued at the February 21, 2013 Hearing, on August 20, 2015, this Court entered a Case Management Order wherein we entered a Rule to Show Cause why this case should not be dismissed for Plaintiffs' failure to comply with Rules of Court in the following particulars: a) why Plaintiffs did not file an Amended Complaint; b) why Plaintiff James L. Martin filed a partial summary judgment, declared "moot" by Judge Clark, while he was represented by an attorney; c) why Adrienne L. Bailey, "Estate of Leah Placenick" and "Law Offices of Donald A. Bailey" should not be dismissed from this case; and d) why all claims of Ann L. Martin should not be dismissed from this case particularly explaining if she is represented by Attorney Chad J. Julius. The Rule was returnable by September 30, 2015, and Defendants were given until October 15, 2015 to respond if they so desired.

On September 30, 2015, Plaintiff James L. Martin filed an Answer to this Court's August 20, 2015 Rule to Show Cause.[Footnote 2] In response to why he did not file an Amended Complaint, Plaintiff asserted that the parties abandoned the re-pleading trigger, and the pleading deficiencies may be remedied with the filing of proofs, briefing as required, and moving to conform the pleadings to the proofs. Plaintiff also cited to other reasons as evident from the Motions for Summary Judgment. Plaintiff did not cite to any case law that supports his statement that pleading deficiencies may be remedied with the filing of proofs and moving to

conform the pleadings to the proofs.  Plaintiff did not provide a sufficient legal or factual explanation as to why he did not file an Amended Complaint, as required by this Court's August 20, 2015 Order, and his Complaint was dismissed with prejudice, by Order dated October 30, 2015.

> [Footnote 2] Plaintiff Ann L. Martin failed to file a response to this Court's Rule to Show Cause.  As such, her claims are properly dismissed for failure to comply with an Order of Court.

Trial court opinion, 1/22/16 at 1-3.

This timely appeal followed.  Appellants complied with Pa.R.A.P. 1925(b), and the trial court filed a Rule 1925(a) opinion.

As described above, appellants did not file a meaningful response to the trial court's show cause order, including why they failed to file an amended complaint.  Appellants failed to provide any legal or factual authority as to why the case should not be dismissed.  Appellants' cause of action was clearly barred by the applicable statute of limitations.[2]

---

[2] All of appellants' allegations relate to the defendants' representation during the years 2003-2005.  (**See** plaintiffs' complaint, 4/19/10 at 5-12; docket #2.)  Appellants filed their complaint on April 19, 2010, well outside the statute of limitations for a legal malpractice action.  **See Wachovia Bank, N.A. v. Ferretti**, 935 A.2d 565, 570-571 (Pa.Super. 2007) (an action for legal malpractice may be brought in either contract or tort; the two-year limitations period applies to the negligence claim and the four-year limitations period applies to the breach of contract claim); 42 Pa.C.S.A. §§ 5524(3), 5525.

Regarding their motion for recusal,[3] at the time the motion was filed, the Honorable Bruce F. Bratton was the civil calendar judge, and the case had not yet been assigned. Judge Bratton simply directed the parties to file a status report. Judge Bratton denied the motion on August 5, 2015, stating that, "Judge Bratton issued orders relating to termination of the case due to inactivity in his capacity as civil calendar judge and has not been assigned this case." (Order, 8/5/15 at 1; docket #49.) Judge Bratton refused to entertain the motion at that time. (**Id.**) Subsequently, after Judge Bratton was assigned the case and issued the Rule to Show Cause, appellants did not renew their motion to recuse. As such, the matter could be deemed waived.

At any rate, even assuming that Judge Bratton should have stepped aside because he represented appellants in the underlying case, this court will not remand for assignment to a different judge where appellants failed to comply with the August 20, 2015 Rule to Show Cause. Judge Bratton properly dismissed appellants' complaint with prejudice and any remand would be superfluous.

Order affirmed.

---

[3] "Recusal is required whenever there is substantial doubt as to a jurist's ability to preside impartially." **Commonwealth v. Tainan**, 734 A.2d 886, 889 (Pa.Super. 1999) (citation omitted). The burden is on the party moving for recusal; there is a presumption that a judge has acted properly, bound

J. A18016/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2016

---

by the oaths of his office and faithful to the requirements of an unprejudiced, unbiased judiciary. *Id.*

- 6 -